Croom *et al.* v. Pennington & Evans—Syllabus.

---

A. C. CROOM, AS COMPTROLLER, *et al., Appellants,* v. PENNINGTON & EVANS, *Appellees.*

1. Where a tax collector issued to the State a certificate of the sale of land for the non-payment of the taxes thereon when the taxes had been paid, such certificate as an evidence of the sale of the land is illegal, and when it is shown to be void upon proof or admission of the payment of the taxes, the custodian of the certificate and of the record of the sale may be required to make proper entries, showing the illegality of the certificate as a sale of the land.

2. A suit to obviate the effect of an illegal act of an officer as such is not a suit against the State, for the State authorizes only legal acts by its officers.

3. The State acquires no right under an illegal and void tax certificate issued to it by its officers, and the illegal act of the officer may be reached by the courts in proper proceedings.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Calhoun County.

The facts in the case are stated in the opinion of the court.

*Park Trammell, Calhoun & Campbell,* for Appellants;

*Paul Carter,* for Appellees.

WHITFIELD, C. J.—The appellees filed a bill in equity for the cancellation of certain tax certificates as a cloud upon the title to lands. It is in substance alleged that the land was assessed and that the turpentine rights thereon were separately assessed; that the taxes upon the lands were paid, but as the taxes assessed against the turpentine lease privileges upon the lands were not paid the said turpentine lease privileges upon the lands were sold to the State; that the papers or tax certificates issued for such sales "recite that the taxes due upon the lands therein mentioned have not been paid; that there is nothing on the face of said papers purporting to be tax certificates to show that they relate to taxes upon turpentine lease privileges except the words 'Tur Lease' at the top of said papers;" that said papers are the regular forms used when lands are sold for non-payment of the taxes due thereon; that under the law deeds may issue on the certificates and be a cloud on the title to the lands; that on application the Comptroller refused to cancel said certificates.

A demurrer to the bill of complaint was overruled and the defendants appealed.

The certificates of sale made a part of the bill of complaint states that the land was sold to the State for a stated sum being "the amount due and unpaid for taxes, costs and charges on the described lands," and that the holder "or his assignees will therefore be entitled to a deed of conveyance of such lands in accordance with law, unless the same shall be redeemed." At the top of the

certificate are the words "Tur Lease," but there is nothing in the certificate to indicate that only the turpentine lease privileges on the lands were sold. It is plain that the certificate covers the lands for unpaid taxes on the land and not the lease interests in the lands. The demurrer admits the payment of the taxes assessed on the lands, and was properly overruled.

Where a tax collector issued to the State a certificate of the sale of land for the non-payment of the taxes thereon when the taxes had been paid, such certificate as an evidence of the sale of the land is illegal, and when it is shown to be void upon proof or admission of the payment of the taxes, the custodian of the certificate and of the record of the sale may be required to make proper entries, showing the illegality of the certificate as a sale of the land.

Such a proceeding is not a suit against the State, but is to correct an illegal act of an officer. A suit to obviate the effect of an illegal act of an officer as such is not a suit against the State, for the State authorizes only legal acts by its officers. The State acquires no right under an illegal and void tax certificate issued to it by its officers, and the illegal act of the officer may be reached by the courts in proper proceedings.

The tax certificate may not be void on its face, but its invalidity as a sale of the lands may appear upon proof or admission that the taxes on the lands had been paid.

The validity of the certificates as a sale of the lease-hold interest separately assessed is not involved here.

The order appealed from is affirmed.

TAYLOR, SHACKLEFORD, HOCKER and PARKHILL, J. J., concur;

COCKRELL, J., absent.