LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, *Appellant*, v. RAILROAD COMMISSIONERS, *Appellees*.

1. When officers of the State act under invalid authority or exceed or abuse their lawful authority and thereby invade

private rights that are secured by the constitution, an action to redress injuries caused by the unauthorized act is not a suit against the State, since the acts of officials that are not legally authorized or that exceed or abuse authority or discretion conferred upon them are not acts of the State.

2. Where action taken by State officials is unauthorized and substantially impairs private rights in violation of the constitution, such action will not be enforced.

3. Illegal action taken by State officials may be enjoined when the ordinary remedies afforded by courts of law are inadequate.

4. Where the Railroad Commissioners exceed or abuse the authority and discretion conferred upon them by making an order that illegally invades the property rights of a railroad company the illegality of the order is available as a defense in proceedings at law to compel the company to obey the invalid order or in an action for a statutory penalty for a violation of the order, therefore the remedy at law is adequate, and an injunction will not be granted in the absence of some ground for equitable relief.

5. Where it clearly appears that the remedy at law is adequate and no equitable ground for relief is shown, an injunction is not the proper remedy.

6. Allegations that an order of the Railroad Commissioners is exceptional, unreasonable and imposes an unjust tax on the resources of the complainant railroad company in that it requires the company at great expense to increase and improve its depot facilities by enlarging the waiting rooms, baggage room and sheds and by reconstructing the toilet rooms and substituting electric lights for kerosene lamps, when the company deems its present facilities are adequate, do not make a case for an injunction even though the order in some of its particulars may be an excess or abuse of authority, and discretion, since the remedy at law is complete and adequate in that the invalidity of the order is available as a de-

fense in an action to enforce the order or to collect a statutory penalty for not obeying it.

7. The statutes authorize the Railroad Commissioners to make and enforce, lawful, just and reasonable rules and regulations requiring Railroad Companies to establish and maintain passenger depot facilities and accommodations, including waiting rooms, toilet rooms, baggage rooms, sheds, and lights, that are reasonably adequate and suitable for the safety, comfort and convenience of all who have a right to use such facilities.

8. Accommodations should be ample and suitable to meet the reasonable requirements of passengers and those who rightly accompany them as well as others who have a right to go into the depots on business or otherwise and to use the facilities.

9. As the carrier is the owner of its property and provides its facilities and is liable in damages for injuries caused by its negligence in furnishing or using such facilities, governmental regulations should accord to the carrier a primary discretion as to the character, dimensions and details of the facilities required unless the carrier fails or refuses to properly exercise its rights.

10. Valid orders of the Railroad Commission should be obeyed and if for any reason an order is supposed to be invalid, the carrier should apply to the Railroad Commissioners for a modification of it before resorting to the courts. This should be done rather than to ignore the order, even though it may not be enforceable because invalid.

11. In determining whether a rule or regulation of the Railroad Commissioners in its terms or in its practical operation and effect is unreasonable and denies to the carrier its constitutional property rights, all the facts and circumstances affecting the rights of all interested parties should be considered.

12. It is the duty of the carrier to anticipate the needs of the public and to provide appropriate and reasonably adequate

facilities and accommodations to meet the present and prospective demands for the safety, comfort and convenience of the public who have a right to use the facilities and accommodations. The reasonable requirements of a growing community or of an increasing business should be anticipated by a carrier in the performance of its public duty.

Appealed from the Circuit Court for Walton County.

STATEMENT.

The following bill of complaint was filed:

"The bill of the Louisville & Nashville Railroad Company, under the laws of the State of Kentucky, against R. Hudson Burr, N. A. Blitch and Royal C. Dunn, composing the Railroad Commission of the State of Florida, alleges as follows:

That the complainant is the owner and operator of a railroad running from Pensacola, Florida, its western terminus, to River Junction, Florida, its eastern terminus, and through the village of DeFuniak Springs.

That the defendants compose the Railroad Commission of the State of Florida, and have their official office at Tallahassee, Florida.

That on the 1st day of May, 1911, after having taken certain testimony in DeFuniak Springs, said defendants, as the Railroad Commission of the State of Florida, made the following order, to-wit:

Order No. 331.                              File No. 3015.

Before the Railroad Commissioners of the State of Florida. In the matter of enlargement of the passenger depot and facilities at DeFuniak Springs, a station on the line of railway of the Louisville & Nashville Railroad Company in this State.

This matter came on for hearing before us, pursuant

to due notice to the Louisville & Nashville Railroad Company, at the Court House in DeFuniak Springs on March 25th, 1911, when and where there appeared Hon. William W. Flournoy, counsel for the citizens of DeFuniak Springs, and the said Railroad Company appeared by Hon. Daniel Campbell, counsel; Mr. O. A. Gonzalez, trainmaster, and Mr. M. A. Warren, supervisor of track; witnesses were examined by both parties, and we made a personal examination of the premises in the presence of the said officials of the Company.

NOW, THEREFORE, after due consideration, we, the Railroad Commissioners, of the State of Florida, being fully advised in the premises, do find that DeFuniak Springs aforesaid is an important station on the line of the Louisville & Nashville Railroad Company, to and from which it the said railroad company transports many passengers on their way from and to other points in this State, and that the present passenger depot, its facilities and conveniences are insufficient for the safety, convenience and comfort of the passengers.

And it is therefore ordered and adjudged that the Louisville & Nashville Railroad Company shall enlarge the waiting room for white passengers so that the same shall not be less than 19 feet by 40 feet, and shall enlarge the waiting room for colored passengers so that the same shall not be less than 19 feet by 30 feet, and shall provide a baggage room on the eastern end of the depot building, of not less than 19 feet by 30 feet, all inside measurement; and shall also enlarge the passenger platform so that the same shall be 255 feet each way from the center of the said baggage room and shall extend the present umbrella shed so that it shall be the length of the said platform.

It is further ordered that the present toilet rooms, which are built out into the waiting roms, be removed, and that sufficient toilet rooms, one for each sex, be constructed adjoining each waiting room, with access to them from the waiting rooms, respectively, through an intermediate passage or space so that due privacy and freedom from offensive odors may be secured.

And it appearing to us that kerosene lamps, by which the platform and depot are lighted, are insufficient for the safety, convenience and comfort of the passengers, and that electric lights can readily be installed and electric current furnished at a reasonable rate, it is further ordered that the use of kerosene lamps be discontinued in the depot as enlarged, and that the said depot shall be reasonably lighted with electric lights.

This order shall be complied with and the work herein ordered shall be completed on or before September 1, 1911.

Ordered in open session of our Board at our office in the City of Tallahassee, this the 1st day of May, A. D. 1911.

(Signed)        R. Hudson Burr,<br>Chairman.

That the investigation by the defendants of the depot facilities of the complainant at DeFuniak Springs was instituted, as complainant is informed and believes, largely, if not solely, at the request and upon the instigation of one or two individuals, and without any general demand on the part of the citizens of that town therefor.

That prior to the said investigation, the defendant, having in view the comfort and accommodation of its patrons, of its own volition had repaired and improved the depot at DeFuniak Springs, and had spent large sums of money thereon. That, among other things, it had put in toilets

and sewerage connected therewith, had repainted the depot and installed new lamps—the sewerage alone costing the complainant more than six hundred ($600.00) dollars. That complainant alleges that the requirements of the said order are exceptional, unreasonable, and impose an unjust tax on the resources of the company—that is to say:

First. With respect to the enlargement of the waiting rooms, complainant alleges that DeFuniak Springs has a population of about two thousand (2,000) people, and the present waiting room facilities exceed, in size and comfort, those of most depots of towns of similar size, and are reasonably sufficient; that by the records of the complainant, as is shown in the testimony taken by the defendants at DeFuniak Springs, as aforesaid, there are only an average of forty (40) passengers a day taking passage to and from DeFuniak Springs, over complainants' line; that there are two passenger trains daily, each way, thus showing an average of ten passengers to each train, of both sexes and races. That the white waiting room is now 19 feet by 20 feet, and contains 24 comfortable seats, constructed and arranged as is customary in passenger depots throughout the United States. That the colored waiting room is 19 feet by 18 feet, and contains 21 seats similarly constructed and arranged. That these waiting rooms afford ample accommodations to all persons desiring to become passengers over defendants' said line. They are little used, owing to the fact that the trains of the defendant run on schedule time, and it is well known to the citizens of DeFuniak Springs when such trains will arrive and depart, and if, for any reason the trains are late, information is readily obtained, as to when they will arrive from the station agent, and that therefore persons who purpose to become passengers only

32—Vol. 63.

arrive at the depot a few minutes before the trains arrive. That defendants' trains do not stop at DeFuniak Springs at any time longer than twenty minutes, and usually for a shorter period of time. That said waiting rooms are never crowded beyond their present capacity.

That the toilet rooms are, according to the size of the Town of DeFuniak Springs, equal to those of other places of similar size, and are sanitary and no more public in their arrangement than those in the passenger cars of the defendant and of all other railroads in which passengers of both sexes are carried. And complainant alleges it is super-refinement to be required to place them as is in said order set forth.

That as to the requirement that the complainant shall install electric lights, complainant alleges that the present lamps are of the best of their kind, and give ample light, and in connection with the electric lights furnished by the City, fully protect and accommodate the traveling public.

That the umbrella sheds required by the said order are unnecessary. That such requirement is entirely unusual and unreasonable. That such sheds are never constructed at way stations by any railroad in the State, or in the United States. That this is so because of the fact that trains at way stations stop only a very few minutes, and passengers desiring to take passage are permitted to immediately enter the coaches, without being compelled to occupy either the platform or station for any appreciable period of time. That the construction of such sheds would impose an unnecessary burden on the complainant from the fact that persons desiring to become passengers on complainants' trains are compelled to come to the depots over uncovered streets for a considerable distance before reaching the point at which the

said sheds would be placed, and a large proportion of such passangers are transient, and come from either the Brown house or the Chautauqua Hotel, and the streets leading from these Hotels to the depot afford no protection from the weather. That the present shed extends a distance of about Sixty (60) feet in front of the station, and is amply sufficient to protect all persons, who desire to become passengers, from the weather if they do not desire to enter the waiting rooms. That going from this shed, those who desire to enter the day coaches are only exposed for a distance of 95 feet before reaching the steps of the car, which, at a speed of three (3) miles per hour, takes only $21\frac{1}{2}$ seconds, and if desirous of taking the sleeper they are only exposed for a distance of 165 feet, which, at the same rate of speed, takes only $37\frac{1}{2}$ seconds. That the percentage of persons who takes passage on the sleeper, as compared with the total number of passengers, is only 1 to 10, or an average of four passengers per day.

That as appears by the testimony taken as aforesaid before the defendants, the depot and its platform at DeFuniak Springs is used by the citizens as a sort of popular resort, and if those who purpose to become passengers are inconvenienced or crowded it is due to this fact and not to the insufficiency of complainants' depot facilities.

That to comply with the said order will entail a cost of sixty-five hundred ($6,500.00) dollars, and besides establish an unreasonable precedent for demand for similar accommodations for other towns along complainants' said line of railroad.

To the end, therefore, that the defendants may, if they can, show why the complainant should not have the relief herein, and hereby prayed and to the best and ut-

most of their knowledge, information and belief, full, true, direct and perfect answers make to the premises, their oaths thereto being specially waived.

And that your Honor will be pleased to make an order temporarily restraining the defendants, their agents, attorneys and servants from enforcing or attempting to enforce the said order, and that upon final hearing, a perpetual injunction may be granted to like effect.

And that complainant may have such other and further relief as to your Honor may seem meet and the circumstances of the case require.

And complainant pray that process of subpoena in due form of law and according to the practice of this court may issue, directed to the defendant, R. Hudson Burr, N. A. Blitch and Royal C. Dunn, composing the Railroad Commission of the State of Florida, returnable according to law.

And complainant will ever pray.

Blount & Blount & Carter,
Solicitors for Complainant."

A demurrer was filed, the grounds being as follows:

"FIRST. The complainant has not in and by its said bill of complaint made or stated such a case as entitles it in a court of equity to the relief prayed for in said bill of complaint against these defendants.

SECOND. That the complainant has not in and by its said bill of complaint stated such a case as entitles it to any equitable relief against these defendants.

THIRD. The complainant has a full, adequate and complete remedy at law by way of defense to any action which the defendants might bring to enforce the performance of the order set out in the said bill of complaint.

FOURTH. And the said defendants do also demur

to that part of the said bill of complaint which is set out in the following language:

'That as appears by the testimony taken as aforesaid before the defendants, the depot and its platform at De-. Funiak Springs is used by the citizens as a sort of popular resort, and if those who propose to become passengers are inconvenienced or crowded, it is due to this fact, and not to the insufficiency of complainants' depot facilities.'

And for cause of such demurrer the defendants show that the said allegation does not establish or tend to establish any matter entitling the complainant to relief in a Court of Equity."

The decree of the court is:

"Now on this day comes on for consideration the demurrer of defendants to the bill of complaint herein and upon consideration thereof after argument of counsel, Messrs. Blount & Blount & Carter, appearing for complainant, and W. W. Flournoy and F. M. Hudson, for the defendants, the court being well advised in the premises.

It is ordered, adjudged and decreed that the said demurrer be and it is hereby sustained because under the authority of McWhorter v. The P. & A. R. R. Co., 24 Fla. 417, it appears there is no equity in the bill.

And complainant electing to stand by it said bill of complaint, it is further ordered, adjudged and decreed that the said bill of complaint be and it is hereby dismissed without prejudice for want of equity and at complainant's cost, and that this decree be treated and regarded and that it stand in all respects as a final decree in this cause."

The complainant railroad company appealed from the final decree.

*Blount & Blount & Carter,* for Appellant;

*F. M. Hudson, for Appellee.*

WHITFIELD, C. J.—*(After stating the facts).* This suit was brought to enjoin the Railroad Commissioners from enforcing an order requiring the railroad company to enlarge to stated dimensions the waiting rooms, the baggage room and the sheds of the passenger depot or station at DeFuniak Springs, Florida, to reconstruct the toilet rooms in a stated manner and to discontinue the use of kerosene lamps and to use electric lights in the depot. The relief is sought upon the theory that the order is exceptional, unreasonable and imposes an unjust tax on the resources of the railroad company.

The question presented is whether the allegations of the bill of complaint state any equity to warrant the granting of an injunction as prayed for.

The demurrer to the bill of complaint raises the question of the adequacy of the remedy at law and of the absence of allegations of grounds for equitable relief, so the propriety of the forum is not acquiesced in by the defendants.

When officers of the State act under invalid authority or exceed or abuse their lawful authority and thereby invade private rights that are secured by the constitution, an action to redress injuries caused by the unauthorized act is not a suit against the State, since the acts of officials that are not legally authorized or that exceed or abuse authority or discretion conferred upon them are not acts of the State. See Croom v. Pennington & Evans, 59 Fla. 473, 52 South. Rep. 957. Where action taken by State officials is unauthorized and substantially impairs private rights in violation of the constitution, such action will not be enforced. Pensacola & A. R. Co. v. State, 25 Fla. 310, 5 South. Rep. 833; State ex rel. Railroad

Com'rs v. Louisville & N. R. Co., 57 Fla. 526, 49 South. Rep. 39; State *ex rel.* Railroad Com'rs. v. Florida East Coast R. Co., 58 Fla. 524, 50 South. Rep. 425. Illegal action taken by State officials may be enjoined when the ordinary remedies afforded by courts of law are inadequate. Ex Parte Young, 209 U. S. 123. — Sup. Ct. Rep. —; Trustees I. I. Fund v. Bailey, 10 Fla. 112; Broward v. Mabry, 58 Fla. 398, 50 South. Rep. 826; Hopkins v. Clemson Ag. Col., 221 U. S. 636.

Where the Railroad Commissioners exceed or abuse the authority and discretion conferred upon them by making an order that illegally invades the property rights of a railroad company the illegality of the order is available as a defense in proceedings at law to compel the company to obey the invalid order or in an action for a statutory penalty for a violation of the order; therefore the remedy at law is adequate, and an injunction will not be granted in the absence of some ground for equitable relief. Railroad Com'rs. v. Pensacola & A. R. Co., 24 Fla. 417, 5 South. Rep. 129; Taylor v. Secor, 92 U. S. 575; McChord v. Southern Ry. Co., 183 U. S. 483, 22 Sup. Ct. Rep. 165.

It clearly appears by the bill of complaint that the remedy at law is adequate and there are no allegations showing any ground for equitable relief. It does not appear that the enforcement of the order will cause a multiplicity of suits, or cast a cloud upon title to real estate. If the order is illegal and the burden imposed by it is irremediable, the illegality of the order is available as a defense to an action for the enforcement of the order or for a penalty for a violation of it, therefore the remedy at law is adequate, and an injunction is not the proper remedy. Allegations that an order of the Railroad Commissioners is exceptional, unreasonable and imposes an

unjust tax on the resources of the complainant railroad company in that it requires the company at great expense to increase and improve its depot facilities by enlarging the waiting rooms, baggage room and sheds and by reconstructing the toilet rooms and substituting electric lights for kerosene lamps, when the company deems its present facilities are adequate, do not make a case for an injunction even though the order in some of its particulars may be an excess or abuse of authority and discretion, since the remedy at law is complete and adequate in that the invalidity of the order is available as a defense in an action to enforce the order or to collect a statutory penalty for not obeying it. The decree sustaining the demurrer and dismissing the bill without prejudice is not erroneous.

In order to avoid unnecessary litigation and delay and to facilitate the settlement of this controversy the contentions as to the illegality of the order will be considered.

The statutes authorize the Railroad Commissioners to make and enforce, lawful, just and reasonable rules and regulations requiring railroad companies to establish and maintain passenger depot facilities and accommodations that are reasonably adequate and suitable for the safety, comfort and convenience of all who have a right to use such facilities. Sections 2893, 2896, Gen. Stats. of 1906, and Sec. 2, Chap. 5622, Acts of 1907. This includes the right to require adequate waiting rooms, toilet rooms, baggage room, sheds and lights. Such facilities and accommodations should be ample and suitable to meet the reasonable requirements of passengers and those who rightly accompany them as well as others who have a right to go into the depots on business or otherwise and to use the facilities. As the carrier is the owner of the

property and provides the facilities and is liable in damages for injuries caused by its negligence in furnishing or using such facilities, governmental regulations should accord to the carrier a primary discretion as to the character, dimensions and details of the facilities required unless the carrier fails or refuses to properly exercise its rights.

Valid orders of the Railroad Commission should be obeyed, and if for any reason an order is supposed to be invalid, the carrier should apply to the Railroad Commissioners for a modification of it before resorting to the courts. This should be done rather than to ignore the order, even though it may not be enforcable because invalid. See State ex rel. Com'rs. v. Florida East Coast R. Co., 58 Fla. 524, 50 South. Rep. 425.

Where a particular regulation of a railroad company is reasonably necessary for the comfort and convenience of the public to be served and the burden to the carrier has some fair relation to the benefits to accrue to the public, and the burden of the particular requirement is not arbitrary, the regulation may be enforced; but where an order of the Railroad Commissioners is so unreasonable as to be an arbitrary burden put upon a carrier, it will not be enforced. State ex rel. Railroad Com'rs. v. Louisville & N. R. Co., 62 Fla. 315, 57 South. Rep. 175; State ex rel. v. Louisville & N. R. Co., 63 Fla. 274, 57 South. Rep. 673.

Courts do not generally inquire into the reasonableness of a statutory enactment where no provision or principle of organic law is violated by the statute. But the rules and regulations of Railroad Commissioners when they act merely as administrative officers must be not only within the authority conferred and conformable to law, but such rules and regulations must be reasonable,

and they are subject to judicial review. Where Railroad Commissioners act within their powers the ultimate question is the reasonableness of the action taken. The reasonableness of administrative rules and regulations as they affect private rights secured by the constitution is to be determined ultimately by the courts. In determining whether a rule or regulation of the Railroad Commissioners in its terms or in its practical operation and effect is unreasonable and denies to the carrier its constitutional property rights, all the facts and circumstances affecting the rights of all interested parties should be considered. In such consideration the processes and standards of reasoning and computation that are afforded by law or by common experience and the dictates of right and justice should be applied. State *ex rel.* Railroad Com'rs. v. Louisville & N. R. Co., 62 Fla. 315, 57 South. Rep. 175.

It is the duty of the carrier to anticipate the needs of the public and to provide appropriate and reasonably adequate facilities and accommodations to meet the present and prospective demands for the safety, comfort and convenience of the public who have a right to use the facilities and accommodations. The reasonable requirements of a growing community or of an increasing business should be anticipated by a carrier in the performance of its public duty.

The expense of all facilities and accommodations used in the public service is to be considered in making rates of charges for service rendered, therefore in order that the rates be not excessive or unreasonable the carrier should not be required or permitted to make unnecessary expenditures for facilities that are not appropriate or not reasonably needed for the service, or to pay an excessive price for facilities that are appropriate and necessary

for a proper rendering of the service undertaken by the carrier.

The admitted facts do not clearly and convincingly overcome the *prima facie* effect under the statute of the finding by the Railroad Commissioners, after taking testimony and making a personal examination of the premises, that the present facilities are insufficient for the safety, convenience and comfort of passengers. State *ex rel.* Railroad Com'rs. v. Louisville & N. R. Co., 62 Fla. 315, 57 South. Rep. 175.

The location and construction of the toilet rooms may well be left to the proper discretion of the carrier, subject to lawful regulation by the local health authorities or by the Railroad Commissioners.

The safety, comfort and convenience of those who rightfully use the depot facilities may reasonably require the discontinuance of the use of kerosene lamps and the use of more suitable lights, the particular kind to be determined by the carrier, subject to the lawful governmental regulations.

The portion of the order requiring a platform and shed to be constructed, extending 255 feet each way from the center of the baggage room, appears to warrant further consideration as to its reasonableness, that is whether the burden it will put upon the carrier has a just relation to the benefits to accrue to the public to be served. See State of Washington ex rel. Fairchild et al., Railroad Commissioners, — U. S. —, 32 Sup. Ct. Rep. 535.

The Railroad Commissioners may act on their own initiative, therefore it is immaterial that the inadequacy of the facilities of the passenger depot at DeFuniak Springs was presented by only one or two persons and not by citizens of the town. State *ex rel.* Railroad Com'rs. v. Louisville & N. R. Co., 62 Fla. 315, 57 South. Rep. 175.

If persons who have no right to use the depot facilities interfere with the comfort and convenience of those who do rightfully use them, it is the duty of the carrier to remedy the situation in a way authorized by law.

The decree appealed from is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.