## Leslie et al. v. Winkelman Co. et al.

*Jamison & Jamison* and *Errol Fullerton,* for plaintiffs.

*Orville Brown* and *Joseph Solomon,* for defendants.

BRAHAM, P. J., May 5, 1951.—This is a bill in equity to enjoin a contractor, who is building a section of the western extension of the Pennsylvania Turnpike, from obstructing and closing a township road which crosses the turnpike. The statute authorizing the building of the new section of the turnpike is the Western Pennsylvania Turnpike Extension Act of June 11, 1941, P. L. 101, 36 PS §654. When the case came on for a preliminary hearing a petition was filed for defendant under Supreme Court Equity Rule 29 asserting that venue of the cause is exclusively in Dauphin County pursuant to the Act of May 26, 1931, P. L. 191, 12 PS §105.

Hearing on this point was had on May 4, 1951. Because time is of the essence in the building of the

turnpike and economical construction requires an immediate decision of the questions we are deciding the point at once and filing this memorandum opinion.

There are two distinguishing features in this case. First, not the Commonwealth nor the Secretary of Highways, nor the Turnpike Commission is defendant, but the contractor. Second, the Pennsylvania Turnpike Commission on March 12, 1951, instituted a proceeding in the court of quarter sessions of this county to obtain the vacation of the township road involved.

On the first point defendant cites Downs et al. v. Lewis, Secretary of Highways, et al., 17 D. & C. 427, 429, for the proposition that where a State officer is involved it does not matter whether the act sought to be enjoined is legal or illegal, and Zaengle et al. v. Smith et al., 20 D. & C. 434, and Zaengle et al. v. Buckius, District Engineer, et al., 20 D. & C. 373, for the proposition that venue is in Dauphin County. To these might be added Hinnershitz Cemetery Co. v. Miller, 32 Berks 185, where it was held that on a bill to enjoin a contractor from taking part of a cemetery to build a road the Secretary of Highways was an indispensable party and hence venue was in Dauphin County.

The leading authority cited for plaintiffs is Isett v. Meehan, 232 Pa. 504. There plaintiff was a landowner who had sold part of his land to the Commonwealth for a State fishery, reserving the right to have water for his mill. He complained to the court of Huntingdon County that he was being denied water and asked an injunction against the Commissioner of Fisheries. The defense advanced was not improper venue but the lack of jurisdiction to entertain a suit against the Commonwealth. It was held that the suit was not one to enjoin defendant from performing his official duty but to prevent his discharging a ministerial duty to the damage of plaintiff.

There is authority of a general character to the effect that the immunity of a State from suit does not extend to unlawful acts: Louisville & Nashville Railroad Co. v. R. R. Commission, 63 Fla. 491, 58 So. 543, 44 L. R. A. (N. S.) 189. While the requirements of venue in Dauphin County are less onerous than a denial of redress in suit against the sovereign, nevertheless the theory of these cases is of some value in determining whether, when the legislature fixed venue in Dauphin County for suits against State officers, it meant that language to include every suit in which the Commonwealth might be interested.

The second distinguishing feature of this case is the action of the Turnpike Commission in invoking the power of this court to close a public road and then, while hearings on the view are still going on, undertaking to profit by the unauthorized closing of the public road by the contractor.

The Turnpike Commission came into court here pursuant to the power granted by section 6 (*i*) of the act: 36 PS §654 (*i*). Whether, therefore, the power of this court is to be used to vindicate the very judicial procedure invoked by defendant or whether the power of this court is to be used to prevent the commission of unlawful acts done by the contractors for the Turnpike Commission or anyone else, the result is the same. The legislature did not mean to give exclusive jurisdiction to Dauphin County.

We attempt at this time no analysis of the testimony of the defendant to the effect that it was the officials of the Turnpike Commission who compelled and coerced defendant's superintendent to close the road. No one has any power to compel defendant to do an unlawful act. Certainly the Turnpike Commission may not do so and then advance its unlawful conduct as a reason for transferring the case to Dauphin County.