PER CURIAM.
We affirm the trial court’s order denying issuance of an injunction to enjoin Dade County from enforcing section 10-2X of the Code of Metropolitan Dade County. Section 10-2X requires on-site supervision of residential fiberglass duct workers by licensed sheet metal journeymen. Appellants claim the provisions of section 10-2X, as presently applied to construction methods for air conditioning duct work in residential buildings, are not rationally related to the health, safety, and welfare of the public and are, therefore, unconstitutional.
We agree with the trial court that section 10-2X, Code of Metropolitan Dade County, which requires that fiberglass duct workers be supervised by a journeyman, bears a rational relationship to the public health, safety and welfare and therefore does not violate the Privileges and Immunities Clause of the United States Constitution.
The trial court was also correct in denying the petition for injunctive relief. Appellants urge that both potential criminal prosecution for violations of section 10-2X and consequential economic loss if they are compelled to comply with its provisions constitute irreparable harm for which there is no adequate remedy at law, as would support injunctive relief. We disagree.
Potential criminal prosecution does not constitute irreparable harm. A party has an adequate remedy at law by establishing as a defense that the ordinance on which the prosecution is based is invalid. See Louisville & N.R. Co. v. Railroad Commissioners, 63 Fla. 491, 58 So. 543, 547 (1912). Nor do allegations of financial or economic loss establish the prerequisites for injunctive relief. See Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735, 738 (Fla. 3d DCA 1982) (irreparable injury is injury of a peculiar nature such that compensation money cannot atone for it); see also State, Department of Health and Rehabilitative Services v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977) (mere loss of income does not constitute irreparable injury).
The merits of the claim aside, appellants did not show the necessary prerequisites for the extraordinary and drastic remedy of enjoining the enforcement of a county ordinance.
Affirmed.