HAYS ET AL. *against* LASATER ET AL.

ERROR *to Johnson Circuit Court.*

All the Covenantees must join in a suit upon the Covenant, if living, though one of them did not sign or seal it, unless there is some legal ground for omitting him, as death, refusal to join, and the like.

And if such legal ground exist, it must be shown as an excuse for not joining him, or the declaration will be bad on demurrer.

The allegation that the parties made their covenant, without alleging that they sealed it, is not sufficient, although the covenant is set out *in hæc verba*, including the words "witness our hands and seals."

The word "covenant" or "agreement" does not import a sealed instrument, as does the word "deed," "indenture," or "writing obligatory."

This was an action of covenant. The declaration alleges that Lasater, Clark and Thomas, the defendants, on the 5th of June, 1838, made their covenant with the plaintiffs; which covenant is there set out verbatim, and is to this effect: It is stated to be articles of agreement made between Joseph Stewart and the defendants, in Johnson county, Commissioners and Trustees for the county, of the one part, and the plaintiffs and one John James, carpenters, of the other part. By it the plaintiffs and James covenanted with Stewart and the defendants, "Commissioners and trustees for the county aforesaid, and their successors in office," that the plaintiffs and James would within sixteen months build and finish a court house and two offices, in a workman-like manner, &c., according to the advertisement for letting out said buildings, with a certain exception. In consideration whereof Stewart and the defendants did "for themselves as commissioners and trustees for the county aforesaid, and their successors in office," covenant with the plaintiffs and James, their executors, &c. well and truly to pay or cause to be paid to the plaintiffs and James, their executors, &c. $4,999, $1,000 in hand paid, $1,000 on the first of March then next, and the residue when the building should be finished according to the advertisement: For the performance of which covenants, each party bound themselves, their heirs &c. and successors in

office, in a penalty of $9,998. The instrument is signed and sealed by the defendants, the plaintiffs and five other persons.

After setting out this covenant the declaration averred that the plaintiffs built and erected a court house in accordance with the terms of the advertisement, in due accordance with the contract, and set out as breaches the non-payment of each particular portion of the sum agreed to be paid them, and the non-payment of the penalty.

To this declaration, a demurrer was sustained, and, the plaintiffs refusing to amend, judgment went upon the demurrer.

LINTON, for plaintiffs in error:

The word covenant is a technical expression, and imports a writing under seal; much more where the deed is set out *ad literatim*. See 1 *Chitty* page 350, *Van Santvoord and another vs. Sanford*, 12 *Johns. Rep.* 197; *Warren vs. Lynch*, 3 *Johns. Rep.* 239.

The 5th cause of demurrer is that the declaration shows that there should have been another person made co-plaintiff: It is admitted to be cause of demurrer, if the fact exist, but it is asserted that the fact does not exist: It is true the covenant mentions another person, but he never sealed the instrument. Who was the covenant made with? It speaks for itself—with the persons of the first and second part, who signed and sealed the covenant. The naming of a third person who did not execute said covenant, could not vitiate that which was good. 6th and last is thought to be without any foundation—certainty to a common intent is all that is required; *utile per inutile non vitiatur*.

PIKE, *Contra:*

The covenant purports to be made between Joseph Stewart, Lasater, Clark and Thomas, of one part, and John James and the plaintiffs, of the other; the plaintiffs and James jointly covenant that they will erect the buildings;—Stewart and the defendants covenant with James and the plaintiffs to pay the plaintiffs and James the price—and finally, the penalty purports to be fixed by the plaintiffs and James as well as by the defendants and Stewart. Has James such an interest that he should have been a party plaintiff? Beyond a doubt he has.

In general the action on a contract, whether express or implied, by parol, under seal or of record, must be brought in the name of the party in whom the *legal interest* in such contract is vested. 1 *Ch. Pl.* 2: If a bond is made to A. to pay him or a third person a sum of money for the benefit of B., A must sue on it, and the third person can neither sue for, nor release the demand. 1 *Ch. Pl.* 4; *Sanford vs. Sanford*, 2 *Day* 559; *Gilby vs. Copley*, 3 *Lev.* 138; *Offley vs. Ward*, 1 *Lev.* 235; *Schack vs. Anthony*, 1 *M. & S.* 575.

When a contract is made with several, if their legal interest was joint, they must all, if living, join in the suit, though the contract be in terms joint and several—and one of the parties may lawfully use the name of the other in the proceedings without his consent. *Eccleston & wife vs. Clipshaw*, 1 *Saund.* 153—and if it appear on the face of the declaration that the suit is brought by one of several with whom the contract was made, the defendant may demurr. 1 *Saund.* 153, *n.* 1; Slingsby's case, 5 *Co.* 18 *b.*; *Leglise vs. Champante*, 2 *Str.* 820 ; *Vernon vs. Jeffreys*, 2 *Str.* 1146 ; *Hill vs. Tucker*, 1 *Taunt.* 7; 1 *Ld. Raym.* 380; *Anderson vs. Martindale*, 1 *East.* 497; *Scott vs. Godwin*, 1 *Bos. & Pul.* 67; *Baker vs. Sewell*, 6 *Mass.* 460; *Converse vs. Symmes*, 10 *Mass.* 379; *Ziele & Becker, vs. Campbell's Ex'trs.* 2 *J. Cas.* 382.

In covenant it is a general principle that no other than one who is a party to the deed can sue on it, as the right of suit is constituted by the deed. *Metcalfe vs. Rycroft*, 6 *M. & S.* 77. In general all joint covenantees who may sue, must join; and even if persons who were parties to the deed, but did not sign or seal it, be omitted, it is fatal, no averment of their refusal to execute the deed being made. *Petrie vs. Bury*, 3 *B. & C.* 353; for, if a covenant be made with three persons, and although two of them did not seal the deed, yet it is not, in law, converted into a covenant with one; per *Holroyd* J. 3 *B. & C.* 356; So two covenantees must join, though one has no beneficial interest; one of two or more joint covenantees therefore, cannot sue alone; and the omission to join the other party, if he is not averred to be dead, is good on demurrer. *Scott vs. Godwin*, 1 *B. & P.* 73; *Jell vs. Douglas*, 4 *B. & A.* 374.

Dickinson, J., delivered the opinion of the Court:

It is laid down in 1 Chitty's Pleading, 11, that "when a covenant is made with two or more parties, to pay them money for themselves or for the use of another, it is not correct to use the name of one only of the covenantees, although the others have omitted to execute the deed," and that when joint covenantees may join they must do so. (3 *B. & C.* 353.) If there is any legal ground for omitting the name of one of the covenantees as a plaintiff, as his death, refusal to join &c. it is necessary to show such excuse for his non-joinder, otherwise the omission is fatal. 2 *Str.* 1146; 1 *Ch.* 497; 1 *Saund.* 153; *n.* 1. The covenant is clearly joint; James is made a party to it, upon its face, and no legal excuse is given for not making him a co-plaintiff.

It cannot be contended that the suit was in the name of those only by whom the instrument was sealed; for the declaration does not aver that it is sealed by any, either of the plaintiffs or defendants. It is true, they declare that defendants did covenant, but not that they covenanted by deed, or that the instrument was sealed, unless the setting it out at length in the declaration be sufficient; that it is not, all the authorities concur. The case of *Van Santvoord & another vs. Sanford* 12 *J. R.* 197, is directly in point; there, as in this instance, the agreement was set out *in hæc verba* concluding with "witness our hands and seals," and even there the Court would not intend that the writing was sealed. The same principle was decided in the case of *Le Page vs. McCrea,* 1 *Wend. R.* 166; also in the case of *Macomb vs. Thompson,* 14 *J. R.* 207. The Courts say, that in the absence of the words, "indenture," "deed," or "writing obligatory," all of which import that the instrument was sealed, there must be an express averment that it was sealed; and that the word "covenant" or "agreement" does not import it as sealed. There is a distinction between covenants in deed and covenants in law, and to show that it is the former an express averment is necessary. See also *Cro. Eliz.* 751; 3 *Ld. Raym.* 537; 8 *Com. dig. Fait.* (*A.* 2) *Plead.* 2 *W.* 9, 14. See also *Cabel vs. Vaughan,* 1 *Saund.* 291, *note* 1, where all the cases are accurately collected.

As the case is presented by the record, the omission to state that the covenant was by deed, or some words purporting it to be sealed, as well as the non-joinder of James without any legal excuse for such omission, are both certainly fatal on demurrer. The judgment of the Circuit Court must be affirmed with costs.