PHILLIPS *v.* POOLE.

Where three persons jointly contract for the purchase of land, making a cash payment to the seller, giving him their joint notes for the balance of the purchase money, and taking from him a bond to convey the land to them jointly upon payment of the notes, neither one of the purchasers can maintain an action against the seller for a breach of the bond, without joining therein the other purchasers, unless some good reason for a failure so to do, such as death or their refusal to join, is alleged.

August 5, 1895.

Equitable petition. Before Judge JANES. Polk superior court. August term, 1894.

The petition of Mrs. Phillips alleged: R. T. Poole is indebted to her, for money had and received, $690 principal, with interest on $333.33 from January 17, 1891, and on the balance of the principal from January 17, 1892, at seven per cent. On January 17, 1891, he sold to her and to C. Philpot and J. O. Hardwick a three fourths undivided interest in twenty acres of land in the second district and fourth section of Polk county, on the north side of lot 989, in the shape of a parallelogram, giving them bond to make title thereto upon their payment of $1,000 cash January 17, 1891, and of a note for $1,000 due January 17, 1892, and of a similar note due January 17, 1893, the notes being signed by them and bearing interest from January 17, 1891, at seven per cent. They made the cash payment, and paid the note due January 17, 1892, with the interest thereon, at the time stipulated in the bond, she paying one third of each of said payments, that being her proportionate share under the contract of purchase. At the time of the purchase and at the time of said payments, she relied upon the statement of Poole in the bond, that he would make good title to them upon payment of the purchase price, and she believed he had an unencumbered title to the property. At and before the date of the purchase

the property was encumbered by a mortgage given by Poole to a loan company, whose name is unknown to her, to secure a debt of $3,000, which mortgage had been duly recorded before the purchase, and is now a valid existing encumbrance against the property for $3,000. At the time of the purchase and of making payment she was ignorant of the encumbrance, and relied upon said promise of Poole, and thus relying, was kept from fully investigating the title and from finding that the property was encumbered, and was thus deceived by said false representations of Poole into making the purchase, signing the notes and making the payments. Her discovery of the encumbrance was first made in December, 1893, long after said payments had been made. Shortly before said discovery she received a letter from a bank named, in whose hands it had been placed by Poole for collection, that her last note was due, and requesting payment. In reply she notified the bank that she was willing to pay the note upon Poole's compliance with his agreement to make good title to her and her copurchasers, and that she would pay her part of the note upon Poole making like title to her to an undivided one fourth interest in said premises. On December 16, 1893, she received a letter from Poole, in reply to the communication to the bank, in which he stated that he was unable to make title to the property as agreed, because it was encumbered by said mortgage. Within ten days from the receipt of this letter she put Poole on notice that she would not receive the title so encumbered, and demanded from him payment of the amounts theretofore paid by her, with interest, which he refused and refuses to pay. By way of an additional count she repeated the foregoing allegations, and alleged that within ten days after her receipt from Poole of said last mentioned letter, she finally and definitely rescinded said contract of purchase, because of said failure on the

part of Poole to comply with his promise, and on December 22, 1893, notified Poole by letter of such action on her part and surrendered to him all interest and possession she had under the bond for title, and offered to pay and now offers to account to him for any net mesne profits she might be due him on the property. She prayed, that the contract of purchase be rescinded, that the note still unpaid and the bond for title be cancelled, and that she have judgment against Poole for the sums first above stated; and if it should not be possible to require the cancellation of the unpaid note, and if she should be compelled to pay it or any part of it, that she might have judgment against Poole for any such sums so paid by her, with interest. Further, that the contract of purchase be rescinded so far as it affects her, and that the bond for titles and unpaid note be cancelled so far as they affect her.

The defendant demurred upon the following grounds: (1) No case is made for the rescission of the contract. (2) The purchase was made by plaintiff jointly with others, and as they do not ask a rescission, she cannot have a partial rescission of the contract. (3) It is not alleged that all the purchase money has been paid. (4) The parties to whom defendant sold the land are still in possession thereof. (5) Plaintiff fails to allege that defendant is insolvent and unable to pay the mortgage. (6) She fails to show that the remedy provided by law on her bond for titles is ineffectual.

Plaintiff offered to amend "so as to change the form of action in first count from an action for money had and received to an action for damages for deceit; no further amendment being herein offered as to allegation of deceit contained in said count than stated in said declaration." This amendment was refused, and the demurrer was sustained.

Colville & Noyes, for plaintiff.

Blance & Fielder, for defendant.

Atkinson, Justice.

The official report states the facts. To the proposition stated in the head-note, it is only necessary to cite the elementary principles embodied in the following authority: "All the persons with whom a contract is made must join in an action for the breach of it. A contract by one person with two jointly does not comprehend or involve a contract with either of them separately, as is evident from the well known doctrine, that a covenant or promise to two, if proved in an action brought by one of them, sustains a plea which denies the existence of the contract." Dicey on Parties to Actions, top page 119, rule 13; and again in same work, in a note in first column of top page 120, it is stated: "When the contract is made with several jointly, all should sue for the breach, unless some good reason is shown in the case why they do not; death or refusal to join may be such reasons; citing Hays v. Lasater, 3 Ark. 565; Moody v. Sewell, 4 Me. 295; Sims v. Tyre, 3 Brev. 249. Inasmuch, then, as all the parties to this contract were not before the court, and their absence neither explained, accounted for nor excused by the petition, the court did not err in sustaining the demurrer and dismissing the same.        *Judgment affirmed.*