18379. BERNSTEIN *v.* FAGELSON.

DECIDED JUNE 16, 1928.  REHEARING DENIED JULY 13, 1928.

*J. N. Johnson,* for plaintiff in error.

*Dorsey, Howell & Heyman,* contra.

JENKINS, P. J. (After stating the foregoing facts.)

1. While it is the general rule that where a contract is made with several jointly, all should sue for the breach, this is not necessary when a good reason is shown to the contrary. *Phillips* v. *Poole,* 96 *Ga.* 515, 518 (23 S. E. 504). In the instant case the allegations of the petition to the effect that the defendant, Bernstein, had made a settlement with plaintiff's co-obligee, Katz, of any interest Katz may have had under the contract sued upon, and had taken a transfer from Katz of all of his stock in the corporation holding the subject-matter of the contract, are sufficient to dispense with any necessity for making Katz a party, since the defendant, by his own act in making a settlement with Katz, had deprived the latter of any interest under the contract. Nor was the petition subject to demurrer because the Independent Tool Products Company was not made a party, since that corporation was not a party to the contract and had no interest in its performance, but, as alleged by the petition, held the title to the property involved. It was merely through this corporation that the plaintiff sought, with the co-operation of the defendant, to comply with the terms of the contract.

2. While proof of parol contemporaneous agreements is generally inadmissible to add to, take from, or vary a written contract (Civil Code of 1910, §§ 4268, 5788), the allegations of the petition setting forth the division to be made of the consideration to be paid to the co-obligees under the contract do not come within the inhibition of these sections of the code, since such alleged facts in nowise add to, take from, or vary the terms of the written instrument, but merely set forth the respective interests of the obligees.

3. The petition was not subject to demurrer because of failure to set forth the entire record of the former judicial proceeding between the Independent Tool Products Company and Ward, since the petition sufficiently set forth the various steps taken in that proceeding, and the verdict and judgment rendered therein.

4. It is the general rule that a party to a contract can not take advantage of his own act or omission to escape liability, and that failure to perform is excused where performance is prevented by the acts of the opposite party. 13 C. J. 647 (§ 721) f. *Stimpson Computing Scale Co.* v. *Taylor,* 4 *Ga. App.* 567 (63 S. E. 659);

*Byck* v. *Weiler*, 3 *Ga. App.* 387 (59 S. E. 1126). Where an act to be done by one party to a contract can be done only upon a corresponding act being done or allowed by the other party, an obligation by the latter to do, or to allow to be done, the act or things thus necessary for the completion of the contract will be necessarily implied. 13 C. J. 649, § 722 (2). The obligation imposed by the contract upon the defendant being to pay a certain sum upon "a proper assignment being made to him" of the interest in the patent right described in the contract (*Jones* v. *Fuller*, 27 *Ga. App.* 84, 86, 107 S. E. 549), and the plaintiff having shown that the title to the patent right had been acquired by a corporation, of which the plaintiff and the defendant are the sole stockholders by reason of the defendant having acquired the stock of Katz in the corporation, and that the plaintiff has offered and offers to vote his stock in transferring the property to the defendant, and to transfer his stock in the corporation to the defendant, thus effecting a transfer and assignment of the property, the plaintiff was entitled to the cooperation of the defendant in effecting the assignment to the latter of the patent right, and to receive the agreed purchase-price therefor.

5. The court did not err in overruling the defendant's general and special demurrers for any of the reasons urged.

*Judgment affirmed. Stephens and Bell, JJ., concur.*