## 41861. HEWITT CONTRACTING COMPANY v. STATE HIGHWAY DEPARTMENT.

ARGUED MARCH 8, 1966—DENIED APRIL 5, 1966—
REHEARING DENIED MAY 31, 1966—

*Frank S. Twitty, Greene, Neely, Buckley & DeRieux, John D. Jones, C. Richard McQueen,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General,* for appellee.

NICHOLS, Presiding Judge. ■ The defendant correctly concedes that the ground of demurrer wherein the question of governmental immunity was raised was without merit. Therefore, the trial court erred in sustaining this ground of general demurrer. See *State Hwy. Dept. v. W. L. Cobb Constr. Co.,* 111 Ga. App. 822 (1) (143 SE2d 500).

■ It is contended that there was a nonjoinder of parties plaintiff inasmuch as the contract was between the State Highway Department as one party and Hewitt Contracting Company and Sowega Contracting Company as the other parties while the sole plaintiff named in the petition is Hewitt Contracting Company. In support of this contention the defendant cites cases exemplified by *Wagner v. Biscoe,* 190 Ga. 474 (9 SE2d 650), and *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524), where it was held that in equity relief cannot be obtained against a party not before the court and therefore such party is an indispensable party. The present case is not in equity and the reason Sowega Contracting Company is not a party is shown by the

plaintiff's petition and the stipulation, which was made a part of the petition, to be that Sowega Contracting Company has no further interest in the contract, having been paid in full for its performance under the contract. Under such circumstances, as shown by *Bernstein v. Fagelson*, 38 Ga. App. 294 (143 SE 237), Sowega Contracting Company was not a proper or necessary party to the case. As to the consideration of the stipulation in passing upon the demurrers see *Cordell v. Metropolitan Life Ins. Co.*, 54 Ga. App. 178 (3) (187 SE 292).

Under the same stipulation the demurrers attacking the petition for failure to attach the contract and other documents, as well as those attacking the petition for attaching as exhibits correspondence and so forth which showed compliance with the provisions of the contract and documents incorporated therein by reference, requiring formal claim, requests for arbitration and so forth were without merit and should have been overruled.

■ The remaining question for decision is whether the allegations of the petition dealing with the actions of the State Highway Department present facts to make a jury question as to the actions of the State Highway Department's engineers "whose decision in the matter it had by contract agreed to be final, was so tainted with bad faith, gross mistake, or failure to exercise honest judgment as to amount to fraud." *State Hwy. Dept. v. W. L. Cobb Constr. Co.*, 111 Ga. App. 822, supra. See also *State Hwy. Dept. v. MacDougald Constr. Co.*, 189 Ga. 490 (6 SE2d 570).

The defendant, in support of its contention that the trial court correctly sustained its demurrers to the allegations of the plaintiff's petition showing the decision of the engineers, argues that such decisions were, under the terms of the contract, final and that under the allegations of the petition the plaintiff had no further delays "after he complied with the conditions required by the engineers." Such argument does not answer the question presented by the defendant's demurrers, for it is recognized by the plaintiff, and is indeed the law as shown by the above decisions of the Supreme Court and this court, that the decisions of the defendant's engineers are in fact final, and the sole question is whether such decisions were "so tainted with bad faith,

gross mistake, or failure to exercise honest judgment as to amount to fraud." Obviously, when the plaintiff complied with all the engineer's demands he suffered no further delays.

The petition alleges that certain demands were made by the "engineer" which resulted in extensive delays and unnecessary expenses in the completion of the plaintiff's work under the contract. It is further alleged that such demands did not relate to the quality of the work to be performed by the plaintiff. The demands dealt with repairs to the machinery used to manufacture asphalt and with the contamination of one of the ingredients used in such process. As to the quality of the ingredients it is alleged that after the plaintiff was delayed it was admitted by the defendant's representatives that supposed "contamination" was of no moment, would not affect the quality of the asphalt being produced, and could only be detected by the use of an ultraviolet ray machine which had been used for the purpose of this one project only to substantiate the claim that the "contamination" existed when such claim could not be substantiated by the commonly used test then being employed on other projects. And as to the machinery used to manufacture such asphalt it was alleged that repairs were required to be made which in no wise affected the product to be manufactured. These allegations, if true (and on consideration of demurrers it must be assumed that they are true), authorize a finding that the decisions of the "engineer" were of the category referred to as "so tainted with bad faith, gross mistake or failure to exercise honest judgment as to amount to fraud." Accordingly, the trial court erred in sustaining the defendant's demurrer and in dismissing the plaintiff's petition.

*Judgment reversed. Bell, P. J., Frankum, Jordan and Deen, JJ., concur. Felton, C. J., Hall, Eberhardt and Pannell, JJ., dissent.*

DEEN, Judge, concurring. I concur with what is said in the majority opinion. Further, on pages 31 and 79 of State Highway Department of Georgia, Standard Specifications, Vol. I, Construction of Roads and Bridges, dated May 1, 1956, the words and terms "contract," "contractor" and "contractor's responsibility for the work" are defined. The formal contract sub judice

embraces as a part of the proposal for performance of said work, special provisions and supplemental specifications attached thereto, and the Standard Specifications Vols. I and II dated May 1, 1956.

The proposal and contract clearly indicate that Sowega Contracting Co. and Hewitt Contracting Co. are designated as the "contractor" and that both jointly assume the legal responsibility to perform all work under said contract. This would include providing and producing asphalt mix in the paving of the roadways. However, there is no contention here that the work has not been performed by the Sowega-Hewitt combination, or that the Highway Department has not received all that it contracted for, or that it has not paid all that it owes to the Sowega-Hewitt combination under the decision of its own engineers who are set up in the contract as the final arbiters of amount. The complaint of Hewitt is that, by conduct on the part of the engineers amounting to fraud Hewitt individually has been damaged in an additional sum through being forced to perform additional unnecessary work with which Sowega was not concerned. Hewitt, then, is saying that there was a fraudulent breach of the contract which concerned it alone. Where one contracts to perform work for a governmental agency, and is injured by such a breach, a choice of remedies ensues. "The contractor could repudiate the contract because of its breach by the county and bring suit to have it declared rescinded, and to recover such damages as he was entitled to under the rescission. *Supreme Council American Legion of Honor v. Jordan*, 117 Ga. 808 (45 SE 33). Or he might sue for a breach of the contract and recover from the county such damages as he was entitled to on account of the breach of the contract by the county. *Alabama Gold Life Ins. Co. v. Garmany*, 74 Ga. 51." *Decatur County v. Praytor, Howton & Co.*, 165 Ga. 742, 756 (142 SE 73). Under the allegations of the petition the alleged failure to exercise an honest judgment by the State Highway Department engineers which it is urged amounted to fraud was committed not against Sowega but against Hewitt alone, and Hewitt alone being damaged thereby is alone entitled to bring this action. There is no way by which it could legally compel Sowega to join as a plaintiff in this suit, Sowega

is not interested in its determination, and to say that the action is necessarily joint would be to leave up to a third party a determination of whether Hewitt's claim is rightful, with the result that either Hewitt would be barred at the caprice of a third party or Sowega would be forced into litigation in which it had no interest.

Further, "while it is the general rule that where a contract is made with several jointly, all should sue for the breach, this is not necessary when a good reason is shown to the contrary." *Bernstein v. Fagelson*, 38 Ga. App. 294, 296 (143 SE 237). Taking as true the allegations of this petition, we find the following: (1) by stipulation, it appears that the State Highway Department had paid to the Sowega-Hewitt combination jointly all sums owing under the contract if the decision of its engineers be correct; (2) Sowega has received all money which it claims due it under the contract and is fully satisfied; (3) the claim for the sum in dispute here was filed by Hewitt alone in its individual capacity for an alleged fraudulent breach of contract affecting it alone; (4) under section 9.08 of the Standard Specifications, Vol. I, *at the expiration of 120 days from date of tender of final payment (in this case, the $37,542.80), no suit having been filed, the contractor "is forever debarred and estopped from any recovery or claim whatsoever under the terms of this Contract"; and (5) the stipulation in this case dated August 12, 1964, shows that this payment was made prior to that date,* from which it follows that Sowega has no right of action on this contract which can be urged against the Highway Department *under any circumstances.* Indubitably, if Sowega has no right of action against the Department, this constitutes "good reason" for not forcing Sowega to litigate Hewitt's controversy regarding damages allegedly due it individually for a breach of contract which resulted in damages to it alone.

I am authorized to state that Presiding Judge Bell and Judge Jordan concur with what is said herein.

HALL, Judge, dissenting. I dissent from Division 2 of the majority opinion for two reasons. First, the principle of the nonjoinder of parties is not limited to cases in equity. Second, the record does not show a good reason for not joining the co-contractor as a party plaintiff.

"It is a long and well established rule of the common law, which is usually incorporated into the modern codes and practice provisions, that in an action ex contractu all persons having a joint interest—all living joint obligees on a contract which is joint and not several who are within the jurisdiction—must be joined as plaintiffs in an action on or arising from breach of that contract; if the consent of any one of such joint obligees cannot be obtained, he may under the practice of most states, be made a defendant." 39 Am. Jur. 893, § 30. See also *Bernstein v. Fagelson*, 38 Ga. App. 294 (143 SE 237) ; *Thompson v. Watson*, 186 Ga. 396 (2) (197 SE 774); 67 CJS 942, § 24; *National Fire Ins. Co. v. Banister*, 104 Ga. App. 13 (2) (121 SE2d 46). "When the contract is made with several jointly, all should sue for the breach, unless some good reason is shown in the case why they do not; death or refusal to join may be such reasons." *Phillips v. Poole*, 96 Ga. 515, 518 (23 SE 504). See also 1 Chitty on Pleading 8-9 (14th Am. Ed.). Failure to join a necessary party plaintiff can be raised by special demurrer. *Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524); *McCallum v. Bryan*, 213 Ga. 669 (100 SE2d 916) ; 67 CJS 1121, § 119 (b) (2).

In my opinion the stipulations do not show a legal reason for not joining the co-contractor as a party plaintiff. The *Bernstein* case, supra, cited as authority for the majority opinion, is distinguishable for the reason that the joint interest in the contract had been assigned. Since the petition we are now considering neither alleged that the plaintiff's joint obligee refused to join in the suit nor prayed that he be made a defendant, I am of the opinion the trial court did not err in sustaining the special demurrer on the ground of nonjoinder of a necessary party.

I am authorized to state that Chief Judge Felton and Judges Eberhardt and Pannell concur in this dissent.