Daniel S. Printup, agent, plaintiff in error, *vs.* The Cherokee Railroad Company, defendant in error.

1. The State of Georgia cannot be made a party defendant in a suit, in any Court, except by consent of the proper authorities; nor can this be done so as to affect the rights of the State by making the agent of the State, appointed by its authorities, a party; and any judgment against such agent cannot affect the rights of the State, or affect its position.

2. A writ of error brought by one, alleging error made against him as agent for the State, will not be dismissed because, since the suing out of the writ of error, and before the hearing here, he was removed from such agency. (R. See end of Report.)

Injunction. Receiver. Practice Supreme Court. Before Judge Parrott. Bartow county. Chambers. January, 1872.

Early in December, 1871, said railroad company filed a bill, averring that Henry Clews & Company claimed to be its creditor for a large amount, because they held bonds purporting to be issued by it and indorsed by the State of Georgia; that, for reasons given, said bonds were void, as to said company and said State; that various other named parties were its creditors, and some of them had judgments against it and would sell its property. To avoid a multiplicity of

suits, for the reasons set out in said bill, it prayed a marshalling of its assets, and that, *ad interim*, a Receiver take possession of the road, etc., and that all the creditors be enjoined from proceeding, except as defendants to this bill. The Chancellor ordered the defendants to shew cause, on the 30th of December, 1871, why said prayer should not be granted.

On that day, Printup appeared and stated that he was agent of the State, and asked for a postponement of the hearing to another day. The State was not a party to the bill, but, by consent, the hearing was postponed till the first Monday in January, 1872. On that day, Printup was not present. Then and there complainant amended their bill by averments to the following effect :

Henry Clews & Company, said holders of the pretended bonds of the company, indorsed by the State, (which bonds are void, for the reasons aforesaid,) falsely represented to Conley, then Governor of Georgia, that said State was bound on said bonds, and that the interest due on them was unpaid, and prayed that he, as Governor, would seize and hold said road and its property as indemnity for the liability of said State, according to the provisions of the Act under which said indorsement was made. Thereupon, on the 28th of December, 1871, Conley, as Governor, did issue his proclamation, ordering the seizure thereof by Daniel Printup, as agent of the State, and under said order, Printup was about to take possession of the same. In fact, Printup is not the agent of the State, but is the attorney of Henry Clews & Company, and this proclamation, etc., is but a trick to enable Henry Clews & Company to force the payment of said void bonds. And they prayed injunction against Printup. No service of this amendment was made. The case was then and there heard, without notice to Printup, and the injunction was granted, as prayed for.

Printup, as agent for the State, says the Chancellor erred in enjoining him, as agent of the State, especially in the face of the want of notice of the amendment aforesaid.

Booth *et al. vs.* Butts.

(When the cause was called here, defendant's counsel moved to dismiss the case, because, since the filing of the bill of exceptions, Printup had been removed from his agency The motion was overruled.)

PRINTUP & FOUCHE, by O. A. LOCHRANE, for plaintiff in error: 8 Ga. R., 210, and 43d, 466; Acts of 1869, 152–3.

A. JOHNSON; W. T. WOFFORD; WILLIAM H. DABNEY; C. PEEPLES, for defendants.

McCAY, Judge.

We do not undertake to say whether the State had or had not any right to take possession of this road.   All we decide is, that the State cannot be made a party to this suit against or without her consent, and this cannot be gotten around by making her agent a party.   If the State was in possession, it is not in the power of the judiciary to oust her, since the State, as such, cannot be impleaded in her own Courts, except by express consent of the proper authorities.

If, therefore, there be anything in the judgment of the Court affecting the interest or the *status* of the State as to the property covered by the bill, (and we think there is,) the judgment is, so far, reversed.

Judgment reversed.