PERKINS *v.* MAYOR AND COUNCIL OF MADISON *et al.;* *et vice versa.* GRIFFIN *v.* PERKINS *et al.*

Nos. 8701, 8702, 8703. SEPTEMBER 17, 1932.

*W. G. Cornett* and *J. D. Bradwell,* for plaintiff.

*C. S. Baldwin Jr.,* and *McElreath & Scott,* for defendants.

*W. A. Bootle* and *F. W. New* as amici curiæ.

ATKINSON, J. ■ ■ The rulings announced in the first and second headnotes do not require elaboration.

■ A controlling question raised by demurrer is as to the right

of the petitioner to bring the suit. In 28 Cyc. 939, it is stated: "By the weight of authority a private citizen or resident of a municipality has no right of action by reason of the diversion or appropriation of public property, such as parks and squares, to other uses, where he has not sustained or is not threatened with any special injury peculiar to himself as distinguished from the rest of the public." See also 32 C. J. 47, § 26. In this State the principle has been applied. In *Coast Line Railroad Co.* v. *Cohen*, 50 *Ga.* 451, it was held: "A court of equity will not entertain a bill in the name of one or more private citizens to restrain the obstruction of a public street, no private injury or threatened injury being alleged to such citizens or to their property. In such a case, the nuisance, being purely a public one, can only be restrained by the public, on information filed by a public officer, to wit: by the solicitor-general for the circuit." In *East Tenn., Va. & Ga. Ry. Co.* v. *Boardman*, 96 *Ga.* 356 (23 S. E. 403), being an action for damages for placing obstructions in a street, it was said: "It appearing from the allegations of the plaintiff's declaration that the obstructions which had been placed by the defendant in the alleged streets were common nuisances, affecting not only herself but the public generally; that no injury was thereby done to her in which the public, as such, did not share; and there being no allegation of any special injury or damage to her property, no legal cause of action was set forth, and the court erred in not sustaining the demurrer to the declaration."

In *Coker* v. *Atlanta, Knoxville & Northern Ry. Co.*, 123 *Ga.* 483, 488 (51 S. E. 481), an action to enjoin the closing of a street, it was said: "Unless, from the unauthorized use of the street, the plaintiffs will suffer injury not common to the general public, peculiarly affecting their property rights and causing special damage to them, they can not maintain an action to either enjoin the nuisance or to recover damages for its maintenance." For other instances of application of the principle in this State, see *Kirtland* v. *Macon*, 66 *Ga.* 385; *Wood* v. *Macon & Brunswick Railroad Co.*, 68 *Ga.* 539; *Ison* v. *Manley*, 76 *Ga.* 804. See also *Sammons* v. *Sturgis*, 145 *Ga.* 663 (2) (89 S. E. 774); *Stephens* v. *Dublin & Laurens Bank*, 147 *Ga.* 62 (92 S. E. 871); *Holt* v. *Fayetteville*, 169 *Ga.* 126 (2) (149 S. E. 892). In *Bayard* v. Bancroft (Delaware), 62 Atl. 6, it was held: "A landowner abutting upon land dedicated to the uses of a public park is entitled to invoke the intervention of

a court of equity to prevent the diversion of such land from the use to which it has been dedicated, provided he will receive some special, tangible, practical damage from such diversion that differs in kind from the damage received by the public at large and by any individual as a citizen and taxpayer." The same principle was applied in Bryant v. Logan, 56 W. Va. 141 (49 S. E. 21); Ruge v. Apalachicola Oyster Canning & Fish Co., 25 Fla. 656 (6 So. 489); City of San Antonio v. Strumburg, 70 Texas, 366 (7 S. W. 754); Seattle Land &c. Co. v. Seattle, 37 Wash. 274 (79 Pac. 780). The ruling announced in *Pettitt* v. *Macon,* 95 *Ga.* 645 (3) (23 S.E.198), does not contemplate or run counter to the principle to which reference has been made above, and does not support the proposition that the petition alleges a right in the plaintiff to bring the suit. In the instant case, the allegations of the petition showing that the plaintiff, as a citizen and taxpayer without interest not shared by the general public, complains of injury to and diversion of a public park to other purposes, without alleging particular injury to plaintiff or his property not shared by the general public, the allegations fail to charge a right in the plaintiff to bring the action. It follows that the judge erred in overruling the grounds of demurrer raising this question.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bills. All the Justices concur.*