21436.  PETERS *et al.* v. BOGGS *et al.*

Submitted September 22, 1961—Decided November 21, 1961.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Donald Payton, Assistant Attorneys-General, J. C. Savage, Newell Edenfield, A. C. Latimer,* for plaintiffs in error.

*Robt. L. Cork, J. Walter Cowart,* contra.

Almand, Justice. The judgment under review is one overruling a general demurrer to a petition seeking injunctive relief.

William K. Boggs, and others, as citizens, taxpayers, and parents of children in attendance of the Georgia Public Schools, brought their suit in Pierce Superior Court against James S.

Peters and nine other individuals, members of the Board of Education of the State of Georgia; Claude Purcell, State Superintendent of Schools; George B. Hamilton, State Treasurer; the Board of Education of the City of Atlanta, composed of the individual members of the Board, and John F. Letson. It was alleged that the members of the State Board of Education, the State Superintendent of Schools, and the State Treasurer were not sued in their official capacities but as individuals, because they were acting without and beyond their authority by violating the express provisions of Article VIII, Section I, Paragraph I, of the Constitution of Georgia (*Code Ann.* § 2-6401), which provides that ". . . Separate schools shall be provided for the white and colored races," by approving the use, allocating, and disbursing of funds belonging to the State of Georgia derived from taxes collected from Georgia taxpayers to supplement the costs of operating and maintaining the public schools of Atlanta, since separate schools for the white and colored races were not being provided. The prayers of the petition were (a) that the named State officials be restrained and enjoined, individually and collectively, from doing any act in the way of assisting, approving, allocating, or disbursing any of the funds of the State for the operation of schools containing a mixture of the two races in whatever county or city such schools may be located; (b) that the defendant George Hamilton be enjoined from disbursing any funds of the State to supplement the costs of the operation of a common public school system containing a mixture of the two races; and (c) that all the defendants be enjoined from allowing the use of any State-owned property or equipment by any school which contains a mixture of the two races.

The defendant members of the State Board of Education, George B. Hamilton, State Treasurer, and Claude Purcell, State Superintendent of Schools filed their joint general demurrer. Two grounds asserted were: (1) the suit is against the State of Georgia which has not consented to being sued, and (2) the plaintiffs have no standing to maintain the action.

■ The defendants in error move to dismiss the bill of exceptions because the plaintiffs in error are designated in the bill of exceptions as parties in their official capacities, rather than as

individuals. There is no merit in this contention. Though in the petition they are named defendants, as individuals, the entire complaint and relief sought is against them in their acts as officials of the State. In effect, the suit is against them in both capacities. The results of their appeal will bind them in their individual and official capacities. The motion is, therefore, denied.

■ The general demurrer poses two questions: (1) Is this a suit against the State? and (2) If it is not, have the plaintiffs such an interest in the acts of the defendants that they have the right to maintain this suit? Being of the opinion that this is a suit against the State, it is unnecessary for us to decide the second question.

In *Cannon v. Montgomery*, 184 Ga. 588 (192 SE 206), the plaintiff sought to recover possession of property owned by the State that was in the possession of the defendant, an agent of the State. The action was brought against the defendant as an individual. It was there held: "A suit can not be maintained against the State without its statutory consent. This general rule can not be evaded by making an action nominally one against the servants or agents of a State, when the real claim is against the State itself and it is the party vitally interested. Therefore, generally, where a suit is brought against an officer or agency of the State with relation to some matter in which the defendant represents the State in action and liability, and the State, while not a party to the record, is the real party against which relief is sought, so that a judgment for plaintiff, although nominally against the named defendant as an individual or entity distinct from the State, will operate to control the action of the State or subject it to liability, the suit is in effect one against the State." In *Roberts v. Barwick*, 187 Ga. 691 (1 SE2d 713), the plaintiff sought the appointment of a receiver to take charge of State property that was under the control of the Commissioner of Agriculture, who was named a defendant in his official capacity and also as an individual. It was there said: "The general rule that is applicable in all cases is that any case, regardless of who are named parties thereto, that could result in a judgment or decree that would in any manner affect or control the property

or action of the State, in a manner not prescribed by statute, is a suit against the State and can not be brought without her consent."

In *Musgrove v. Ga. R. & Bkg. Co.*, 204 Ga. 139, 154, 155 (49 SE2d 26), the plaintiff in a suit against the State Revenue Commissioner in his individual capacity, sought to obtain a declaratory judgment decreeing that certain of the plaintiff's charter provisions constituted a contract between it and the State of Georgia, and to enjoin the defendant from assessing certain of its properties for ad valorem taxation. In holding the suit to be one against the State, and therefore subject to a general demurrer, the court said: "The suit was originally brought against the defendant 'in his representative capacity as State Revenue Commissioner of the State of Georgia,' but this express denomination was later stricken by amendment. Whether or not, in view of other references to the defendant as an official which remained in the petition after such amendment, it could be said that the petition as amended is *in name* a suit against the defendant solely in his individual capacity, is immaterial, if upon a consideration of the petition as a whole, including the relief which it seeks, it appears that the action is in reality a suit against the State, brought without its consent."

The cases relied on by the plaintiffs, such as *Dennison Mfg. Co. v. Wright*, 156 Ga. 789 (120 SE 120); *Holcombe v. Ga. Milk Producers Confederation*, 188 Ga. 358 (3 SE2d 705); and *Irwin v. Crawford*, 210 Ga. 222, 224 (78 SE2d 609), where the State officer or agent was sued as an individual, were actions seeking to recover property or damages on account of unauthorized or illegal acts of the defendant and did not involve State property or seek to control State action. In this class of actions, where injunctive relief is sought against the defendant officers or agents in their individual capacities, it will be granted only where there is a manifest necessity to prevent an irreparable injury to some right of the plaintiff by reason of impending acts or conduct of the defendant. *Zaring v. Adams*, 188 Ga. 97 (3 SE2d 635); *Irwin v. Crawford*, 210 Ga. 222, supra; and *Fleisher v. Duncan*, 195 Ga. 309 (2) (24 SE2d 15).

The plaintiffs in the instant case are seeking to enjoin the

defendants, officers and agents of the State, in the expenditure and disbursement of State funds. These funds have been derived from State taxes and appropriated by the General Assembly for educational purposes. The defendants are acting for this purpose as agents of the State. Though they are sued as individuals, their acts, sought to be enjoined, are acts of the State. Since the State has not consented to being sued, the plaintiffs cannot maintain this action. Compare *Ramsey v. Hamilton*, 181 Ga. 365 (182 SE 392), where the plaintiffs sought to enjoin officers and agents of the State in expending State revenues, where there was no specific appropriation by the General Assembly of the funds involved.

The trial court erred in overruling the general demurrers of the named defendants.

*Judgment reversed. All the Justices concur.*