24936. MADDOX et al. v. COOGLER et al.

SUBMITTED NOVEMBER 13, 1968—DECIDED NOVEMBER 21, 1968—
REHEARING DENIED NOVEMBER 29, 1968.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General, Don L. Hartman, Deputy Assistant Attorney General,* for appellants.

*O. J. Coogler, Robert B. Harris, Terry L. Nevel, Harris & Nevel,* for appellees.

UNDERCOFLER, Justice. O. J. Coogler and Robert B. Harris filed suit as citizens and taxpayers of Fulton County, Georgia, against Lester G. Maddox and eight others. The petition asserts that the defendants are attempting to act as members of a cer-

tain Mineral Leasing Commission purportedly created by an Act of the General Assembly of the State of Georgia in 1945 (Ga. L. 1945, p. 352) as amended (Ga. L. 1959, p. 270; Ga. L. 1965, p. 590) ; that under color of their office as members of said Mineral Leasing Commission, defendants have solicited and received a bid from a named corporation which contemplates the execution of a lease by the defendants as members of said Mineral Leasing Commission of 25,000 acres of estuaries and off-shore sea bottoms owned by the State of Georgia in Chatham County, Georgia, for the purpose of mining phosphate therefrom; that the granting of said phosphate mining lease as presently contemplated would have serious deleterious effects upon the natural resources of a large portion of the marsh lands, tide lands, beaches and off-shore waters of the State of Georgia which are the valuable rights of all Georgia citizens; that the probable destruction of the scenic beauty of these unique marsh lands, the resulting imbalance of the natural ecology of the region and consequent loss of fish and wildlife involves a question of public right; that it is the public duty of each citizen to prevent unlawful practices so as to preserve substantial price-less natural resources of the State; that said geographical area, being a part of the public domain of the State of Georgia, should not be threatened with destruction by the defendants herein acting without lawful or constitutional sanction; that the plaintiffs herein as citizens of Georgia have an interest in having the laws constitutionally executed and applied and the duties hereinabove stated enforced; that the Acts under which the Mineral Leasing Commission is acting are violative of the State Constitution for stated reasons and that it is acting without lawful authority and its actions are void; and that the defendants should be restrained and enjoined from holding any further public hearings, executing any contracts or leases, or taking any action whatsoever under color of their office. The petitioners prayed for an injunction, that the Act of 1945, as amended, be declared void and unconstitutional and for general relief.

After hearing evidence, the trial judge overruled the defendants' oral motion to dismiss the complaint and enjoined the defendants individually and jointly as members of a Mineral

Leasing Commission representing the State from acting on the lease proposal of the named corporation. The trial judge declared the Act of the General Assembly of 1945, as amended, unconstitutional and void for the reasons alleged in the petition. From this judgment the defendants appeal to this court.

It is contended by the defendants that this is a suit against the State instituted without its consent and that the trial court erred in overruling its motion to dismiss the complaint.

It has long been the rule in this State that, "No citizen and taxpayer, as such, has the right to initiate in his own behalf, without the consent of the State, a suit against a State officer in his official capacity, to enjoin and restrain him from acting under a statute which is alleged to be unconstitutional and void; such a suit being in effect a suit against the State itself." *Ramsey v. Hamilton*, 181 Ga. 365 (1) (182 SE 392). "The alleged unconstitutionality of a statute in such a case does not of itself afford a cause of action, and to sanction such an action would be for this court to invade the realm of another department of government which by Art. I, Sec. I, Par. XXIII, of the State Constitution [Art. I, Sec. I, Par. XIII, Const. 1945; *Code Ann.* § 2-123] it is forbidden to do. 'The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided.' It is fundamental that a State can not be sued against its will, and in the petition it is not claimed that the present suit is other than a suit against the State officers in their official capacity, and hence against the State. It is to no nicety of comparison, as is indulged in some jurisdictions, between suits against municipalities and those against the State, that we look for an answer to the question here presented; we base our conclusions upon the fundamental sovereignty of the State and the constitutional inhibitions in its behalf." *Ramsey v. Hamilton*, 181 Ga. 365, 374, supra. "Unless the conclusions we have reached are correct, any taxpayer of the State could set himself up as the *censor morum* of the Governor and other public officers of the State, and undertake to supervise their official action as to matters in which he had no personal interest whatever." *Peeples v. Byrd*, 98 Ga. 688,

697 (4) (25 SE 677); *Holt v. City of Fayetteville,* 169 Ga. 126, 133 (149 SE 892). In *Printup v. Cherokee Railroad 'Co.,* 45 Ga. 365, it was held: "The State of Georgia cannot be made a party defendant in a suit, in any court, except by consent of the proper authorities; nor can this be done so as to affect the rights of the State by making the agent of the State, appointed by its authorities, a party; and any judgment against such agent cannot affect the rights of the State, or affect its position."

In *Cannon v. Montgomery,* 184 Ga. 588 (192 SE 206), the plaintiff sought to recover possession of property owned by the State that was in the possession of the defendant, an agent of the State. The action was brought against the defendant as an individual. It was there held: "A suit can not be maintained against the State without its statutory consent. This general rule can not be evaded by making an action nominally one against the servants or agents of a State, when the real claim is against the State itself and it is the party vitally interested. Therefore, generally, where a suit is brought against an officer or agency of the State with relation to some matter in which the defendant represents the State in action and liability, and the State, while not a party to the record, is the real party against which relief is sought, so that a judgment for plaintiff, although nominally against the named defendant as an individual or entity distinct from the State, will operate to control the action of the State or subject it to liability, the suit is in effect one against the State." *Peters v. Boggs,* 217 Ga. 471, 473 (2) (123 SE2d 258); *Roberts v. Barwick,* 187 Ga. 691 (2) (1 SE2d 713).

The trial judge erred in overruling the oral motion to dismiss the complaint for this reason.

*Judgment reversed. All the Justices concur.*