37500. NATIONAL DISTRIBUTING COMPANY INC. et al. v. DEPARTMENT OF TRANSPORTATION.

GREGORY, Justice.

We granted certiorari to consider whether the Department of Transportation of the State of Georgia (DOT) is subject to suit for damages for breach of contract. The Court of Appeals held, as did the trial court, that the doctrine of sovereign immunity is a complete defense to such a suit. *National Distributing Co. v. Department of Transportation,* 157 Ga. App. 789 (278 SE2d 648) (1981). We agree.

DOT entered into a written agreement in 1978 with National Distributing Company, Inc. (National) and others. The writing was denominated a "soil easement." The purpose was to provide material for a construction project of DOT. A certain amount of material was to be removed from the site by DOT and a stated price per cubic yard paid to National. Furthermore, DOT was to grade, slope and revegitate the site. DOT was also required to furnish a topographic map at the completion of the work. Rights under this agreement were assigned by DOT to a private corporation which was engaged in the project. The corporation elected not to use material from the site which was a choice it was entitled to make under the assignment. The

material was not removed from the site nor was any of the other site work done. The topographic map was not furnished. National then filed its complaint seeking damages from DOT for breach of the agreement. The trial court granted summary judgment in favor of DOT on its motion setting forth, among others, the ground of sovereign immunity. The Court of Appeals affirmed on the basis of sovereign immunity.

It is the contention of National that, while the doctrine of sovereign immunity generally applies to suits against DOT, there has been a waiver of the doctrine which affects the action in this case. National points to Georgia Laws 1973, pp. 947, 983 as constituting the waiver. In particular, that portion of the Act codified as Code Ann. § 95A-304 is noted:

"Suits by or against the department

(a) Suits and settlement of claims

The department shall have the authority to bring suits, and it may be sued in such actions as are permitted by law. . . . (Emphasis supplied.)

(b) Venue and service of process

All suits brought ex contractu by or against the department shall be brought in a county where any part of the work is to be or has been performed. . . ."

Clearly, the statute purports to allow suits against the department. However, the language of the statute does not tell us whether all suits are permitted, or if not, what type suits are permitted. We are told only that the DOT may be sued in "such actions as are permitted by law." Assuming, as the parties have, that sovereign immunity generally applies to suits against DOT, we must resolve two preliminary questions in order to answer the certiorari question. (1) May sovereign immunity be waived by legislative enactment? (2) If sovereign immunity may be waived by legislative enactment, are suits for damages for breach of contract included within the language used by the legislature in Code Ann. § 95A-304 so as to create a waiver?

We deal with the first question. We have recognized that the doctrine of sovereign immunity came to us in Georgia through the common law of England. *Crowder v. Dept. of State Parks,* 228 Ga. 436 (185 SE2d 908) (1971). (See the collection of cases cited at page 439 which have acknowledged the force of the doctrine down through our history.) Running parallel with our recognition of the doctrine has been the further observation by the courts that the legislature may expressly consent that the state be sued and thereby waive the protection afforded to the state by the doctrine. This court pointed out in 1939 that if the doctrine is harsh and does not have the

approval of the people, they should give their consent that the state be sued acting through their elected representatives in the legislature. *Roberts v. Barwick,* 187 Ga. 691, 694 (1 SE2d 713) (1939). Instead of disapproving, the people expressly gave their approval of the general application of the doctrine by way of a constitutional amendment voted upon in 1974. Code Ann. § 2-3401. At the same time they specifically authorized the General Assembly to provide for waiver. So it is, the General Assembly has power to waive sovereign immunity, as was held by the courts prior to 1974, and as commanded by the Constitution since.

We now consider the second question. The position taken by National is that the language of Code Ann. § 95A-304 is a waiver of sovereign immunity in such actions as were permitted by law in 1973 at the time of the enactment of the statute. National contends that suits for damages for breach of contract were permitted in 1973 by authority of the courts in cases beginning with *Regents of University System v. Blanton,* 49 Ga. App. 602 (176 SE 673) (1934). *Blanton* holds that the state sheds its sovereignty by entering into a contract and thereby impliedly waives sovereign immunity. A number of Court of Appeals' decisions have followed *Blanton* in recognizing the existence of implied waiver by the act of entering into a contract. *State Hwy. Dept. v. W. L. Cobb &c. Co.,* 111 Ga. App. 822 (143 SE2d 500) (1965); *Hewitt Const. Co. v. State Hwy. Dept.,* 113 Ga. App. 770 (149 SE2d 735) (1966); *State Hwy. Dept. v. Knox-Rivers Const. Co.,* 117 Ga. App. 453, 462 (160 SE2d 641) (1968). The rule of implied waiver found in *Blanton* was repudiated by the Court of Appeals in 1977 in *Meadows Motors, Inc. v. Dept. of Administrative Services,* 141 Ga. App. 224 (233 SE2d 14) (1977). National points out that the opinion in *Meadows Motors* (and in *Busbee v. University Professors,* 235 Ga. 752, 758 (221 SE2d 437) (1975) upon which *Meadows Motors* partially relied) was rendered after the passage of Code Ann. § 95A-304 so that the statute incorporated the then existing rule of *Blanton* and not the later rule of *Meadows Motors.* We cannot agree. As observed in *Meadows Motors,* the implied waiver rule of *Blanton* was never adopted by this court, which has always required an express waiver. *Busbee v. University Professors,* supra; *James v. State,* 225 Ga. 809 (171 SE2d 533) (1969); *Maddox v. Coogler,* 224 Ga. 806 (165 SE2d 158) (1968); *Peters v. Boggs,* 217 Ga. 471 (123 SE2d 258)(1961); *Roberts v. Barwick,* supra; *Cannon v. Montgomery,* 184 Ga. 588 (192 SE 206) (1937); *Western Union v. Western & A. R.,* 142 Ga. 532 (83 SE 135) (1914); and *Georgia Military Institute v. Simpson,* 31 Ga. 273 (1860). Thus, the law of Georgia as expressed by this court, did not permit suits for breach of contract against the State in 1973 on the theory of an implied waiver of the doctrine of

sovereign immunity. Therefore, the statute of 1973 using the language "such actions as are permitted by law" did not incorporate an implied waiver theory.

National contends that this court acknowledged the theory of implied waiver in *State Hwy. Dept. v. Marsh,* 214 Ga. 693 (107 SE2d 179) (1959). We note that the opinion does not disclose whether or not the doctrine of sovereign immunity was raised as a defense in the trial court. We do not interpret *Marsh* as adopting any theory of waiver.

National argues that *State Hwy. Dept. v. W. L. Cobb &c. Co.,* supra, found an express waiver and did not turn on the implied theory of *Blanton.* It is true that the Code of 1933 provided in Section 95-1505 that the "highway department may sue and be sued . . .". It is true that *Cobb &c. Co.* in 1965 cited this provision. (And we note that in *Busbee v. University Professors,* supra, we held that other language which we equated to "sue and be sued" constituted express statutory authority for suits against the Board of Regents.) But, even if it can be said that *Cobb &c. Co.* relied on Code Ann. § 95-1505 as an express waiver, this code section was repealed by the 1973 act which gave us the new language, "may be sued in such actions as are permitted by law." The old code section cannot be relied upon by these parties who contracted in 1978, long after its repeal. Neither can it be said that the new code section adopted the old through the device of incorporating *Cobb &c. Co.* which in turn relied in part on the old code section. This flies in the face of the specific repeal of the old section.

We hold that the Department of Transportation of the State of Georgia may rely on the defense of sovereign immunity in suits seeking to recover damages for breach of contract.

*Judgment affirmed. All the Justices concur, except Hill, P. J., Clarke and Smith, JJ., who dissent.*

DECIDED OCTOBER 27, 1981 —
REHEARING DENIED NOVEMBER 12, 1981.

*George B. Haley, Kevin B. Buice,* for appellants.
*Charles H. Ivy,* amicus curiae.
*Arthur K. Bolton, Attorney General, Roland F. Matson, Michael E. Hobbs, Assistant Attorneys General,* for appellee.

WELTNER, Justice, concurring.

I cannot dispute the proposition that the doctrine of sovereign immunity is outmoded and imperfect. Nor can I quarrel with Justice Clarke's logic in his observation that its application to this case must

of necessity vitiate for want of mutuality all contracts in which the Department of Transportation is a party. Yet, it is still the law of Georgia, 1976 Ga. Const., Art. VI, Sec. V, Par. I; Code Ann. § 2-3401, and, until mitigated by the General Assembly or altered by the people, should be recognized as such.

HILL, Presiding Justice, dissenting.

As I read Justice Weltner's concurring opinion along with Justice Clarke's dissent (joined by this writer), the Department of Transportation's contracts are unenforceable for want of mutuality. Justice Smith in his dissent (joined by this writer) would find waiver of sovereign immunity as to contracts. Neither Justice Smith nor the members of the majority have expressed their views on the question of mutuality vis-a-vis sovereign immunity. Nevertheless, three members of the court have stated that the Department's contracts are unenforceable, with the other four members not expressing their views on this question.

We will have to wait until the Department of Transportation, or some other state department claiming sovereign immunity, sues on one of its "contracts" and the other party asserts that the "contract" is unenforceable for lack of mutuality. Or perhaps the question will arise when the low bidder on a state "contract" decides not to enter into the "contract" because the bidder can't enforce it. It is possible that a supplier may refuse delivery due to a price increase. The possibilities of losses to the state due to its insistence on sovereign immunity seem almost unlimited.

CLARKE, J., dissenting.

I agree that the doctrine of sovereign immunity is alive and well in Georgia; however, it is my opinion that in this instance immunity has been waived. The Department of Transportation is authorized to enter into contracts. Code Ann. §§ 95A-302 (e), 95A-801, et seq. An agreement enforceable as to one party and unenforceable as to the other party lacks mutuality and is no contract at all. Therefore, I believe the legislative authority to contract amounts to an express waiver of governmental immunity when the contract is entered into in accordance with the terms of the legislative act.

For these reasons, I must dissent. I am authorized to state that Presiding Justice Hill joins in this dissent.

SMITH, Justice, dissenting.

In some of our prior cases, particularly older ones, there is language to the effect that "a sovereign State is not liable to suit at the instance of a citizen, unless permission to sue has been *expressly*

granted." (Emphasis supplied.) *Peeples v. Byrd,* 98 Ga. 688, 693-694 (25 SE 677) (1896); *Roberts v. Barwick,* 187 Ga. 691, 694 (1 SE 713) (1939). Other cases belie this notion and, in my view, should control the case at bar.

Art. VI, Sec. V of the Georgia Constitution (Code Ann. § 2-3401) provides: " . . . Nothing contained herein shall constitute a waiver of the immunity of the State from suit, but such sovereign immunity is expressly reserved except to the extent of any waiver of immunity provided in this Constitution and such waiver or qualification of immunity as is now or may hereafter be provided by act of the General Assembly." This provision has been held applicable to suits involving "the state, its agencies, and subdivisions." *Sheley v. Board of Public Education,* 233 Ga. 487 (212 SE2d 627) (1975).

In *PMS Const. Co. v. DeKalb County,* 243 Ga. 870, 871 (257 SE2d 285) (1979), it is stated: "Code Ann. § 23-1501 provides that '(e)very county is a body corporate, with power to sue and be sued in any court,' while Code Ann. § 23-1502 provides that '(a) county is not liable to suit for any cause of action unless made so by statute.' This court has long construed these two statutes as permitting suits against counties based on contracts made pursuant to legislative authorization. *Hancock County v. Williams,* 230 Ga. 723 (198 SE2d 659) (1973); *Deason v. DeKalb County,* 222 Ga. 63 (148 SE2d 414) (1966); *Decatur County v. Praytor, Howton & Wood Contracting Co.,* 163 Ga. 929 (137 SE 247) (1927); *Wagener v. Forsyth County,* 135 Ga. 162 (68 SE 1115) (1910); *Harris County v. Brady,* 115 Ga. 767 (42 SE 71) (1902)."

Code Ann. § 95A-304 (a) clearly places limits on the doctrine of sovereign immunity with regard to suits against the Department of Transportation. It provides that "[t]he department shall have the authority to bring suits, and it may be sued in such actions as are permitted by law." I can perceive no meaningful distinction between Code Ann. § 95A-304 (a) and Code Ann. §§ 23-1501, 1502 insofar as the waiver of sovereign immunity is concerned. By statute, as well as by the dictate of common sense, the Department of Transportation stands in the same shoes as a county. Thus, if the department "is authorized by statute to contract, and in pursuance of such power does contract, then an action will lie against it to enforce such liability, . . . although there is no statute expressly authorizing the bringing of an action for such purpose." *Decatur County v. Praytor, Howton &c. Co.,* supra at 934. I recognize that this conclusion acknowledges the possibility of an "implied waiver" of sovereign immunity and is therefore contrary to cases exemplified by *Peeples v. Byrd,* supra. See Justice Hill's special concurrence in *PMS Const. Co. v. DeKalb County,* supra at 873. However, I find modification of such

cases preferable to the pointless inconsistency fostered by the majority opinion.

Code Ann. § 95A-302 (e) provides: "The department shall have the authority to negotiate, let, and enter into contracts with any person, State agency, or county or municipality of the State for the construction or maintenance of any public road or any other mode of transportation or for the benefit of or pertaining to the department or its employees in such manner and subject to such express limitations as may be provided by law." There is no doubt that the contract at issue in this case was entered into pursuant to legislative authorization. I therefore would hold that the department has waived the defense of sovereign immunity.

In reaching its decision, the majority appears to have overlooked Code Ann. § 95A-303, which provides: "In addition to the powers specifically delegated to it in this Title, the department shall have the authority to perform all acts which are necessary, proper, or incidental to the efficient operation and development of the department and of the State Highway System and of other modes and systems of transportation, and *the provisions of this Title shall be liberally construed to that [e]nd.*" (Emphasis supplied.) Under the doctrine of sovereign immunity, "whoever contracts with the State trusts to the good faith of the State [to live up to its word] . . . " *Ga. Military Institute v. Simpson* 31 Ga. 273, 277 (1860), *Roberts v. Barwick,* supra at 694. Can it seriously be argued that the holding of the majority promotes the "efficient operation and development of the department"? Will individuals with whom the department needs to have dealings be encouraged by a rule which subordinates a contractual promise to bureaucratic whim?

I respectfully dissent.

I am authorized to state that Presiding Justice Hill joins in this dissent.